UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IBEX ENGINEERING SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> HONEYWELL TECHNOLOGY SOLUTIONS, INC., <br><br> Defendant. | C.A. No. 05-CV-11126-MEL |

**ANSWER OF DEFENDANT HONEYWELL TECHNOLOGY SOLUTIONS, INC.**

The Defendant, Honeywell Technology Solutions, Inc. ("Honeywell"), by and through its

attorneys, hereby answers the Complaint as follows:

**Introduction**

1.      This paragraph contains a description of this action to which no response is

required.

**Parties**

2.      Defendant is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in this paragraph.

3.      Admitted.

**Jurisdiction and Venue**

4.      This paragraph contains legal conclusions to which no response is required.

5.      This paragraph contains legal conclusions to which no response is required.

6.      This paragraph contains legal conclusions to which no response is required.

**Factual Allegations**

7.    Defendant admits that in or about March 2002, Plaintiff and Defendant executed a

purchase order in which Plaintiff agreed to provide workers on the Big Dig project, and

Defendant denies the remaining allegations set forth in this paragraph.  Further answering,

Defendant states that the workers were Plaintiff's employees and that Plaintiff was responsible

for paying its employees in accordance with the Fair Labor Standards Act.

8.    Denied.

9.    Defendant admits that it had e-mail correspondence with Plaintiff concerning the

staffing of workers on the Big Dig project.  Defendant denies the remaining allegations set forth

in this paragraph.

10.    Defendant denies Plaintiff's allegation that Defendant made representations

concerning whether the work to be performed by Plaintiff's employees would permit Plaintiff to

classify its employees as exempt under the Fair Labor Standards Act.  Defendant is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

contained in this paragraph.

11.    Defendant is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in this paragraph.

12.    Defendant admits that Plaintiff hired employees to perform work on the Big Dig

Project, and Defendant denies the remaining allegations contained in the first sentence of this

paragraph.  Defendant admits that it was involved in the interview process concerning the hiring

by Plaintiff of certain employees, and Defendant denies the remaining allegations set forth in the

second sentence of this paragraph.  Defendant is without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in the third sentence of this paragraph.

Further answering, Defendant states that the workers were Plaintiff's employees and that

Plaintiff was responsible for paying its workers in accordance with the Fair Labor Standards Act.

13.    Defendant admits that it directed the work to be performed by Plaintiff's

employees, and Defendant denies the remaining allegations contained in the first and second

sentences of this paragraph.  Further answering, Defendant states that for approximately eight

months, Plaintiff had at least one project supervisor on site who managed Plaintiff's employees.

Defendant admits that Plaintiff received completed timesheets concerning work performed by

Plaintiff's employees, and Defendant is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations set forth in the third sentence of this paragraph.

14.    Defendant admits that Gil Boissy was an employee of the Plaintiff and that he

served as a project supervisor on the Big Dig project until approximately November 2002, and

Defendant denies the remaining allegations contained in the first sentence of this paragraph.

Defendant admits that after November 2002, the amount of work on the Big Dig project

increased and Plaintiff's employees worked additional overtime, and Defendant denies the

remaining allegations set forth in the second sentence of this paragraph.

15.    Defendant is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in this paragraph.

16.    Defendant is without knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in the first sentence of this paragraph.  Defendant admits that

Defendant and Plaintiff occasionally assigned additional work to Plaintiff's employees, and

Defendant denies the remaining allegations set forth in the second sentence of this paragraph.

Further answering, Defendant states that the workers were Plaintiff's employees and that

Plaintiff was responsible for paying its employees in accordance with the Fair Labor Standards

Act.  Defendant is without knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in the third sentence of this paragraph.

     17.     Admitted.

     18.     Defendant is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in this paragraph.

## Causes of Action

### Count I
### (Promissory Estoppel)

     19.     Defendant restates and incorporates by reference its responses to the allegations

contained in paragraphs 1 through 18.

     20.     Denied.

     21.     Denied.

     22.     Denied.

### Count II
### (Negligent Misrepresentation)

     23.     Defendant restates and incorporates by reference its responses to the allegations

contained in paragraphs 1 through 22.

     24.     Denied.

     25.     Denied.

     26.     Denied.

     27.     Denied.

     28.     Denied.

     29.     Denied.

## Count III
### (Fraudulent Misrepresentation)

30.    Defendant restates and incorporates by reference its responses to the allegations

contained in paragraphs 1 through 29.

31.    Denied.

32.    Denied.

33.    Denied.

34.    Denied.

35.    Denied.

36.    Denied.

## Count IV
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

37.    Defendant restates and incorporates by reference its responses to the allegations

contained in paragraph 1 through 36.

38.    Denied.

39.    Denied.

40.    Denied.

## Count V
### (Unjust Enrichment)

41.    Defendant restates and incorporates by reference its responses to the allegations

contained in paragraphs 1 through 40 above.

42.    Denied.

43.    Denied.

44.    Denied.

45.    Denied.

**Count VI**
**(Violation of Mass. Gen. L. ch. 93A)**

46.    Defendant restates and incorporates by reference its responses to the allegations contained in paragraphs 1 through 45.

47.    This paragraph contains a legal conclusion to which no response is required.

48.    This paragraph contains a legal conclusion to which no response is required.

49.    Denied.

50.    Denied.

51.    Denied

In response to Plaintiff's prayer for relief, Defendant denies that Plaintiff is entitled to any relief of any kind whatsoever.

WHEREFORE, Defendant requests that Plaintiff's complaint be dismissed with prejudice and Defendant be awarded costs of defense, including reasonable attorney's fees, and any such further relief as this Court deems just and appropriate.

**DEFENSES**

**FIRST DEFENSE**

Plaintiff never relied to its detriment on the alleged statements by Defendant.

**SECOND DEFENSE**

Plaintiff did not reasonably rely on the alleged statements by Defendant.

**THIRD DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**FOURTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

**FIFTH DEFENSE**

Plaintiff's claims are barred by the principles of waiver and estoppel.

**SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff had an obligation to

comply with the requirements of the Fair Labor Standards Act with respect to its own employees

and Plaintiff failed to comply with those requirements.

**SEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the Fair Labor Standards Act.

**EIGHTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

**NINTH DEFENSE**

Plaintiff's complaint fails, in whole or in part, to state a claim upon which relief may be
granted.

**TENTH DEFENSE**

Plaintiff has failed to mitigate its damages, if any.

**ELEVENTH DEFENSE**

Defendant reserves the right to assert defenses or limitations on damages upon discovery

of facts presently not known.

Respectfully submitted,

HONEYWELL TECHNOLOGY
SOLUTIONS, INC.

By its attorneys,

HOLLAND & KNIGHT LLP

*/s/ David J. Santeusanio*
Paul M. James (BBO # 552342)
David J. Santeusanio (BBO # 641270)
10 St. James Avenue
Boston, Massachusetts  02116
(617) 523-2700

Dated:  August 23, 2005

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2005, I electronically filed the Answer of Defendant Honeywell Technology Solutions, Inc., with the Clerk of Court using the CM/EMF system, which will send notification of such filing to the following attorneys of record:


Joseph F. Hardcastle, Esq.
Hardcastle & Shuber
50 Congress Street, Suite 314
Boston, MA  02109

Cintra S. Shuber, Esq.
Hardcastle & Shuber
50 Congress Street, Suite 314
Boston, MA  02109


/s/ David J. Santeusanio
David J. Santeusanio, Esq.
Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116


# 2959986_v2